# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 08, 2021

Mr. Michael Howard Fabian
Mr. Jason Jonathan Liss
Fabian, Sklar & King
33450 W. Twelve Mile Road
Farmington Hills, MI 48331

Mr. Ryan M. Frierott
Mr. Jonathan L. Schwartz
Goldberg Segalla
311 S. Wacker Drive, Suite 2450
Chicago, IL 60606

Mr. Donald Mark Fulkerson
P.O. Box 85395
Westland, MI 48185-0000

Re: Case No. 20-1361, *Scottsdale Insurance Company v. Altman Management Co.*
Originating Case No. : 1:19-cv-11405

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0016n.06

No. 20-1361

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| Plaintiff-Appellant, | ) ) ) | FILED<br>Jan 08, 2021<br>DEBORAH S. HUNT, Clerk |
| v. | ) ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT |
| ALTMAN MANAGEMENT COMPANY, | ) ) | COURT FOR THE EASTERN<br>DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) ) | |

Before: KETHLEDGE, THAPAR, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge. The district court dismissed under Civil Rule 12(b)(6) Scottsdale Insurance Company's complaint against Altman Management Company. Scottsdale appeals and argues that the court improperly delegated a dispute about insurance coverage to appraisers. We reject Scottsdale's argument and affirm.

Altman managed an apartment building and bought a policy for excess insurance from Scottsdale. The policy covered all "direct physical loss or damage" to the building, including rents or business lost because of the damage. The policy covered losses or damages only during a "recovery period," which began on the date of any damage and continued for as long as "would be required with the exercise of due diligence and dispatch" to repair the building. The policy also provided that appraisers could resolve any dispute regarding "the amount of loss." In that circumstance both Scottsdale and Altman each would choose one appraiser for an appraisal panel, which would estimate the loss and issue an award.

No. 20-1361, *Scottsdale Ins. Co. v. Altman Mgmt. Co.*

In July 2017, a fire engulfed the building. The damage required extensive repairs and forced out all the building's tenants. Altman notified Scottsdale of the fire and submitted claims for lost rents and the cash value of the repairs. By March 2019, Scottsdale had paid more than $1.5 million for repairs and lost rents. That month, Scottsdale notified Altman in writing that the "recovery period" for the building would close in April 2019, because in Scottsdale's view Altman had unreasonably delayed the commencement of repairs. Altman responded that it had been diligent and that Scottsdale's own delay in accepting estimates for the cost of repairs had caused any construction delays. To resolve the dispute, Altman invoked the policy's appraisal provision and demanded that appraisers decide the length of the recovery period.

Scottsdale then brought this suit, seeking a declaration that whether Scottsdale's alleged delay extended Altman's recovery period under the policy was a question of law for the court rather than the appraisers. Altman for its part moved to dismiss the complaint under Rule 12(b)(6). The district court rendered a split decision. The court held that whether Scottsdale's alleged delay *could* extend the recovery period was a question of law; and the court proceeded to answer that question, by saying that, yes, under the policy's terms, unreasonable delay by Scottsdale could extend the recovery period. But the court also held that whether either party had in fact unreasonably delayed the start of the project was a "factual question about damages" for the appraisers to decide. The court therefore granted Altman's motion to dismiss.

We review that decision de novo. *See Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996). The parties agree that Michigan law governs interpretation of the policy's terms.

We affirm substantially for the reasons stated in the district court's careful opinion. The district court has already interpreted the policy's terms. The remaining task is to determine the

Case 1:19-cv-11405-TLL-PTM ECF No. 42-2, PageID.2810 Filed 01/08/21 Page 4 of 4   (4 of 4)

No. 20-1361, *Scottsdale Ins. Co. v. Altman Mgmt. Co.*

facts to which to apply them. And in Michigan appraisers resolve (at least in the first instance) any factual disputes about the amount of an insured's loss. *See Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W. 2d 467, 469 (Mich. Ct. App. 1991). The claim here is that Scottsdale unreasonably delayed payments for the building repairs, which delayed the start of the repair project, which in turn delayed the tenants' return—thereby increasing Altman's losses. Whether an insurer has unreasonably delayed payment is a question of fact for the appraisers. *See Bronson Methodist Hosp. v. Auto-Owners Ins. Co.*, 814 N.W. 2d 670, 680 (Mich. Ct. App. 2012). So too, plainly enough, is whether the delay in payments in fact delayed completion of the repair project. The district court was therefore correct to bow out in favor of the appraisers.

The district court's judgment is affirmed.

3